IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ERIC FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:15cv219-MHT |
| ) | (WO) |
| UNITED STATES ATTORNEY ) | |
| GENERAL and FEDERAL BUREAU ) | |
| OF INVESTIGATION, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Plaintiff Eric Flores filed this <u>Bivens</u> action complaining that defendants United States Attorney General and the Federal Bureau of Investigation and unnamed government officials violated his constitutional rights.* Pursuant to the provisions of

---

     * Flores is pro se, and, at the time he filed his complaint, he also filed an application for leave to proceed in forma pauperis. The court takes no action concerning that application, which is best resolved by the United States District Court for the Western District of Texas.

28 U.S.C. § 1406, this case will be transferred to the Western District of Texas.

When a filed case lays venue in the wrong district, a district court must dismiss the case, or, if in the interests of justice, transfer the case to a proper district.  28 U.S.C. § 1406(a).  Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...."  28 U.S.C. § 1391(b)(2).  "The decision to transfer a case to another district is left to the sound discretion of the trial court."  Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991); see also Haynes v. U-Haul, No. 2:12cv535–MHT, 2012 WL 4017938, at *1 (M.D. Ala. Sept. 12, 2012) (Thompson, J.).

Here, venue is proper in the Western District of Texas.  All of the actions about which Flores complains occurred in El Paso, Texas, which is located in the Western District of Texas.  The majority, if not all,

of the witnesses are located in the Western District of Texas.  None of the events Flores complains about is alleged to have occurred in the Middle District of Alabama, and none of the witnesses appears to be located in the Middle District of Alabama.  Indeed, not even the plaintiff appears to have any connection to the Middle District of Alabama.  Therefore, the case must be dismissed or transferred.  As Flores is pro se, the court will transfer the case to the United States District Court for the Western District of Texas in the interest of justice.

***

Accordingly, it is ORDERED, ADJUDGED, and DECREED that, pursuant to 28 U.S.C. § 1406(a), this case is transferred to the United States District Court for the Western District of Texas.

The Clerk of the Court is DIRECTED to take the necessary steps to effect the transfer of this case to

United States District Court for the Western District of Texas.

This case is closed in this court.

DONE, this the 11th day of May, 2015.

                          /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE